UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DANIEL LILIENFELD, derivatively on behalf of EBIX INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBIN RAINA, HANS U. BENZ, ROLF HERTER, NEIL D. ECKERT, PAVAN BHALLA, HANS U. KELLER, GEORGE W. HEBARD III, and STEVEN M. HAMIL, <br><br> Defendants, <br><br> - and - <br><br> EBIX, INC., <br><br> Nominal Defendant. | Case No. 1:21-cv-04590-ELR |

## JOINT MOTION TO STAY PROCEEDINGS

COMES NOW, Plaintiff Daniel Lilienfeld ("Plaintiff"), and Defendants Robin Raina, Hans U. Benz, Rolf Herter, Neil D. Eckert, Pavan Bhalla, Hans U. Keller, George W. Hebard III, Steven M. Hamil ("the Individual Defendants"), along with nominal Defendant Ebix, Inc. ("Defendants" and collectively with Plaintiff, "the Parties"), and hereby jointly request the Court stay the instant action, stating as follows:

WHEREAS, on November 5, 2021, Plaintiff filed a shareholder derivative action on behalf of nominal defendant Ebix, Inc. ("Ebix" or the "Company") in this Court alleging breaches of fiduciary duty against the Individual Defendants, captioned *Lilienfeld v. Raina et al.*, Case No. 1:21-cv-04590 (the "Action").

WHEREAS, the above-captioned Action involves factual contentions that overlap with a securities class action pending in the U.S. District Court for the Southern District of New York (the "New York Federal Court"), entitled *Saraf v. Ebix, Inc., et al.*, No. 1:21-cv-01589 (S.D.N.Y. Feb 22, 2021) (the "Federal Class Action").

WHEREAS, defendants in the Federal Class Action have moved to dismiss the Federal Class Action.

WHEREAS, a consolidated shareholder derivative action is pending in the New York Federal Court, captioned *In re Ebix, Inc. Shareholder Derivative Litigation*, No. 21-cv-4380-JMF (the "New York Derivative Action"), which has been stayed pending resolution of defendants' motion to dismiss the Federal Class Action.

WHEREAS, the allegations and claims asserted in the above-captioned Action involve factual contentions that overlap with the New York Derivative

Action, and Plaintiff to the Action purports to represent the same nominal defendant as the nominal defendant in the New York Derivative Action.

WHEREAS, the Parties have met and conferred regarding the most efficient manner in which to proceed.

WHEREAS, the Parties agree that the outcome of the Federal Class Action may impact the Action and that the Action should be stayed pending resolution of defendants' motion to dismiss the Federal Class Action; and

WHEREFORE, the Parties believe good cause exists, stipulate, and respectfully request the Court stay the litigation as follows:

1. The Court stay the Action pending the New York Federal Court's resolution of the defendants' motion to dismiss the Federal Class Action.

2. Ebix and the Individual Defendants' time to answer, move or otherwise respond to Plaintiff's complaint in the Action be extended until forty-five (45) calendar days after the New York Federal Court has decided the defendants' motion to dismiss in the Federal Class Action.

3. Notwithstanding the voluntary stay of the Action, Plaintiff may file an amended complaint once during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to any amended complaint during the pendency of the stay.

4. Defendants shall promptly notify Plaintiff if the parties to the New York Derivative Action or any other shareholder derivative action(s) based upon the same or similar facts as those alleged in this Action, which agreed to stay the proceedings pending resolution of the defendants' motion to dismiss the Federal Class Action, lift the stay to proceed with litigation of the action(s).

5. Defendants will promptly notify Plaintiff should they become aware of any additional shareholder derivative lawsuit(s) filed in any forum based on the same or similar events or misconduct as that alleged in the Action.

6. In the event Defendants provide any documents or responses to discovery requests (formal or informal) to plaintiffs in the New York Derivative Action and/or plaintiff(s) in any related derivative action(s), Defendants shall provide, at the same time, the same documents to Plaintiff in this Action on the same terms they are provided to any plaintiff(s) in the related derivative action(s). Any production of documents and other discovery materials pursuant to this Stipulation shall be subject to the entry of a mutually agreeable confidentiality agreement/and or protective order.  Nothing in this paragraph shall prejudice Defendants' ability to seek a stay of discovery in any action or to seek to transfer the Action to another venue.

7. In the event the parties to the Federal Class Action and/or any derivative action(s) or litigation or books and records demand(s) based on the same or similar facts as those alleged in this Action agree to attend either a Court-ordered settlement conference or party-scheduled mediation, Defendants will provide Plaintiff with reasonable advance notice and shall invite Plaintiff to participate therein, subject to Defendants seeking and receiving permission from the Court and the other parties to the mediation and/or settlement conference.

8. This stay shall not apply to any motions, stipulations, or any other related filings, pertaining to consolidation of any related shareholder derivative actions which may be filed in the future in this Court, and/or the appointment of lead plaintiff(s) and lead and liaison counsel(s).

9. Notwithstanding any other provision in this Stipulation, the stay may be terminated before the time provided in this Stipulation by agreement among the Parties. Within thirty (30) days after the Parties agree to terminate the stay pursuant to this paragraph, the Parties shall meet and confer and submit to the Court a schedule for Plaintiff to file an amended complaint and/or Defendants to file a motion to dismiss the Action or otherwise respond to the operative complaint.

10.     The Parties reserve the right to seek further extensions of time as circumstances may warrant, subject to the Court's approval.

11.     By entering into this Stipulation, the Parties do not waive any rights or defenses not specifically addressed herein, including, but not limited to the right to move to transfer the Action, the right to pursue or object to formal discovery after the stay is lifted, the right to move for a future stay, and the right to file any other motion that any Party deems appropriate.

12.     Except as expressly stated herein, the Parties are not waiving any rights, claims, or defenses of any kind, and Defendants expressly reserve all rights, claims, and defenses, including, but not limited to, those regarding the standing and adequacy of Plaintiff to prosecute the Action pursuant to Federal Rule of Civil Procedure 23.1 and *8 Del. C.* §327.

**STIPULATED TO AND APPROVED BY:**

Dated: January 17, 2022            **HOLZER & HOLZER, LLC**

/s/ *Marshall P. Dees*
Corey D. Holzer
Ga. Bar No. 364698
Marshall P. Dees
Ga. Bar No. 105776
Joshua A. Karr
Ga. Bar No. 202783211 Perimeter Center Parkway, Suite 1010
Atlanta, GA 30346
(770) 392-0090

cholzer@holzerlaw.com
mdees@holzerlaw.com
jkarr@holzerlaw.com

**SHUMAN, GLENN & STECKER**
Kip B. Shuman
100 Pine Street, Ste. 1250
San Francisco, CA 94111
(303) 861-3003
kip@shumanlawfirm.com

Rusty E. Glenn
600 17th Street, Suite 2800 South
Denver, CO 80202
(303) 861-3003
rusty@shumanlawfirm.com

Brett D. Stecker
326 W. Lancaster Avenue
Ardmore, PA 19003
(303) 861-3003
brett@shumanlawfirm.com

*Counsel for Plaintiff Daniel Lilienfeld*

**NELSON MULLINS RILEY
& SCARBOROUGH LLP**

/s/ *Peter L. Munk*
S. Wade Malone
Georgia Bar No. 468015
Peter L. Munk
Georgia Bar No. 451809
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
(404) 322-6000 (p) / (404) 322-6050 (f)
wade.malone@nelsonmullins.com
peter.munk@nelsonmullins.com

7

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 17, 2022, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record:

*/s/Marshall P. Dees*
Marshall P. Dees

## RULE 7.1(D) CERTIFICATION

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/Marshall P. Dees*
Marshall P. Dees
